DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 1:10 CR 391 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| Kim Starnes, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Counsel for the defendant has filed a motion to suppress all tangible evidence and derivative evidence seized from the apartment at 5115 Lake Road in Sheffield Lake on July 22, 2010, and also evidence seized from a vehicle in which she claims a reasonable expectation of privacy. Doc. 14.

Counsel for the defendant relies upon the transcript of the suppression hearing conducted by the Court following the motion to suppress filed by defendant Robert Starnes who is named in a three-count Superseding Indictment charging him with three counts of Bank Robbery. Doc. 36 in case number 1:10 CR 318.

The Court filed an opinion denying the Robert Starnes motion to suppress and a copy of the Court's opinion, including appendices, is attached hereto as Appendix I.

The motion of the defendant appears to challenge the ruling of this Court that the entry and search by the Ohio Adult Parole Officer was not justified. The Court is not going to re-visit that issue, and stands upon its prior ruling as set forth in the opinion referred to in footnote 1.

Counsel for the defendant relies upon the decision of *Steagald v. United States*, 451 U.S.

(1:10 CR 391)

204, 205 (1981).  The decision in *Steagald* held that a law enforcement officer may not legally search for the subject of an arrest warrant in the premises of a *third party* without first obtaining a search warrant.  The facts in this case are different than the facts in the *Steagald* case.  The entry of the adult parole officer and his team of law enforcement officers was not into the home of a third party.  Rather, it was into the home of the defendants Robert Starnes and Kim Starnes.  The teachings of *Steagald* do not apply.

Counsel for Kim Starnes contends that she did not voluntarily consent to a search of the apartment.  The Court heard testimony on that issue from both the F.B.I. agent and Kim Starnes, and concluded that the consent was voluntary.  The Court is not going to re-visit that issue.

The defendant also contends that the search of the vehicle titled in her husband's name should be suppressed because she had a reasonably expectation of privacy in her husband's vehicle.  That argument is without merit under the facts in this case because the search was lawfully conducted by Robert Starnes' Adult Parole Authority officer.

The motion to suppress all tangible evidence and derivative evidence seized from the apartment and seized from the vehicle titled to Robert Starnes is DENIED.

This case remains on the trial list for Monday, November 15, 2010.


IT IS SO ORDERED.


  October 20, 2010                                    */s/ David D. Dowd, Jr.*
Date                                                          David D. Dowd, Jr.
                                                                     U.S. District Judge

2